GEORGE DOLIN, Plaintiff, *v.* MORRIS SUSSMAN and Another, Defendants.

SULLIVAN COUNTY STEAM LAUNDRY CO., INC., Plaintiff, *v.* MORRIS SUSSMAN and Another, Defendants.

JOHN STAPLETON and Another, Plaintiffs, *v.* MORRIS SUSSMAN and Another, Defendants.

Supreme Court, Sullivan County, February 12, 1932.

*Wiess & Costa,* for the plaintiffs.

*Isadore Rothenberg,* for the defendants.

FOSTER, J. The foregoing actions have been tried together. The plaintiff in each instance seeks to set aside the transfer of real estate from individual defendants to the defendant corporation, and also a mortgage in the sum of $10,000, or such portion thereof as may be fraudulent, executed and delivered by the defendant corporation to one Max Levinson. In addition, and irrespective of the relief sought as indicated by the foregoing, these plaintiffs claim the right to have judgment against the defendant corporation.

It is not disputed that the plaintiffs are creditors of the defendant copartnership and that their claims are matured. In view of this concession, a brief history of the transactions involved is necessary to ascertain the position of the parties. The premises were originally purchased in 1921 by the defendant Morris Sussman and one Max Schiff. At the close of that transaction there were three mortgages against the property aggregating approximately the sum of $34,775. In 1923 Schiff sold his interest to Sussman, and as a result of this transaction a fourth mortgage was added to the liens against the property. Thereafter and in 1926 Morris Sussman conveyed to Louis J. Sussman and Bella Sussman an equal undivided two-thirds interest in the premises. In September, 1928, the three owners caused to be created the defendant corporation with a capital stock of $10,000, divided into common shares of the par value of $100 each. At a meeting of the stockholders held on the 19th day of September the owners offered to transfer the real property in question to the corporation but the actual transfer was not made until the 3d day of August, 1931. The date of the offer is of some importance as bearing on the question of intent to defraud the plaintiffs, because at that time some of the plaintiffs were not creditors. In return for the conveyance the individual defendants received all of the stock of the corporation, and in connection therewith the corporation assumed and agreed to pay the debts of the defendant copartnership.

At the time of this conveyance the premises were incumbered in amounts approximating the total sum of $29,764.53. Faced by threatened foreclosures, the corporation borrowed the sum of $26,500 and paid a bonus of twelve per cent therefor. This amount was secured by a corporate mortgage and the proceeds disbursed in payment of liens. Here, it may be stated that the defendants justify the transfer to the corporation upon the basis that the loan could not be obtained without the payment of a bonus, and hence the necessity for the use of the corporate entity. After this transaction

there still remained a third mortgage of $2,940 which required attention, and in order to take care of this another loan was obtained and a mortgage of $10,000 was given to one Max Levinson. Although on its face this mortgage was given for a greater amount than was necessary to take care of the third mortgage, it is claimed that Levinson required security for other claims which he had against the individual defendants, and it was upon such basis that the face amount of the mortgage was fixed.

These facts, while they disclose a situation apparently prejudicial to the plaintiffs, are insufficient to sustain a finding of fraud. The fair salable value of the premises in question has not been shown, nor is there any proof as to value of any personal property transferred to the corporation, except as contained in the resolution of acceptance adopted by the corporation. Nor is there any proof as to what assets the copartners possessed at the time of the transfer, or their value. In the absence of such proof a finding of insolvency cannot be made, nor may a finding be made that a fair consideration was not paid. It is obvious of course that a person or a corporation may require a loan and still not be insolvent. Fraud, therefore, cannot be presumed from the facts stated.

If the conveyance was made with the actual intent to defraud, as distinguished from intent presumed in law, or to hinder and delay the plaintiffs as creditors, then such conveyance may be set aside. Such intent is not disclosed here, but to the contrary it appears that the defendants were endeavoring to preserve certain assets and to continue their use in the operation of their business. It is immaterial that the actual effect may have been to delay creditors, if the intent to hinder and delay was absent.

The mortgage as given to Levinson, in so far as it exceeded the sum of $2,940, was in fact a preference. However, a preference under the Debtor and Creditor Law (§ 1 *et seq.*) is not illegal unless the debtor was insolvent at the time of making the same, or unless it was made to hinder and delay other creditors. For the same reasons set forth with relation to the conveyance to the corporation the proof is insufficient to declare this mortgage a fraudulent preference.

While, in my judgment, the proof is insufficient to set aside the conveyances, I think upon every principle of equity and justice the plaintiffs are entitled to judgments against the corporation. In equity the court is not bound by narrow limitations but may afford relief which is justified by the facts shown. It is conceded that the plaintiffs are creditors of the copartnership and that the corporation has assumed the payment of the debts of the copartnership. The only difficulty is that the claims may extend beyond

the time when the assumption became effective, and this is merely a matter of proof which can easily be adjusted. For the purpose of taking such proof the court retains jurisdiction of the action, and upon its own motion reopens the same. Proof may be offered by the plaintiffs as to the amounts due when the corporation assumption became effective. The time and place for the taking of such proof may be fixed upon notice.